**WO**                                                                                                          BL

1
2
3
4
5
6                          **IN THE UNITED STATES DISTRICT COURT**

7                              **FOR THE DISTRICT OF ARIZONA**

8    Albert Lee Williams, Jr.,                    )    No. CV 05-2084-PHX-SMM (VAM)
                                                  )
9                    Plaintiff,                   )    **ORDER**
                                                  )
10   vs.                                          )
                                                  )
11   Joseph Arpaio,                               )
                                                  )
12                   Defendant.                   )
     _____         )

13
14          In this civil rights action brought by a Maricopa County inmate, Defendant has moved

15   to dismiss (Dkt. #6) for lack of exhaustion.  Plaintiff has failed to respond.  After careful

16   review of these pleadings and the record, the Court will grant Defendant's motion.

17   **A.    Background**

18          Plaintiff filed a Complaint naming as a Defendant Joseph Arpaio, alleging that his

19   constitutional rights were violated by (1) an inadequate, non-nutritious diet,

20   (2) overcrowding, and (3) unsanitary conditions.  (Dkt. #1.)  This Court ordered Defendant

21   Arpaio to answer the Complaint, and Defendant Arpaio subsequently filed a Motion to

22   Dismiss.  (Dkts. ## 3, 6.)  Plaintiff was provided notice of the motion, and informed of his

23   need to file a response; however, the mail was returned as undeliverable.  (Dkt. ## 8, 9, 11.)

24   Plaintiff also was ordered to file a notice of change of address or show cause why his action

25   should not be dismissed.  (Dkt. # 10.)  The time for responding to the Motion to Dismiss has

26   expired.

27          In his Motion to Dismiss, Defendant argues that Plaintiff has failed to exhaust

28   available administrative remedies.  (Dkt. #6.)  Defendant has attached various documents to

his motion, including (1) an affidavit of Corina Griffin, a Maricopa County Sheriff's Office Hearing Officer for inmate discipline and grievances, (2) the Maricopa County Inmate Grievance Procedure, and (3) an inmate grievance form in which Plaintiff grieved the presence of an object in his food.  (Dkts. ##6 & 7.)

**B.      Failure to Respond**

Local Rule of Civil Procedure 83.3(d) provides that a Plaintiff must file and serve a notice of change of address 10 days before his move is effective.  Additionally, in the instructions for a prisoner filing a civil rights complaint, the notice of assignment, and the service order, Plaintiff repeatedly was notified that he must inform this Court of any change of address.  (Dkts. ## 2, 3, 10.)  Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."  See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).  Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, was advised of his obligation to respond it, and was informed that the failure to do so may "be deemed a consent to the granting of that Motion."  (Dkt. #8.)  Despite these warnings, Plaintiff has failed to respond to Defendant's Motion to Dismiss.  Moreover, mail sent to Plaintiff has been returned as undeliverable.  (Dkt. #9, 11, 13.)  Accordingly, Plaintiff's failure to respond to the Motion to Dismiss will be construed as a consent to the granting of it.  Alternatively, because Plaintiff has failed to notify this Court of his change of address, despite an Order requiring him to do so, his action will be dismissed pursuant to

Rule 41(b).  However, out of an abundance of caution, the merits of the Defendant's Motion to Dismiss will be addressed.

**C.    Legal Standard on Motion to Dismiss**

In ruling on a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff.  Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief."  McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004); see also Rhodes v. Robinson, 408 F.3d 559, 563 n.1 (9th Cir. 2005).

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted.  See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006).  Exhaustion is mandated "regardless of the relief offered through administrative procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001).  It is required in all inmate suits regarding prison life.  Porter v. Nussle, 534 U.S. 516, 523 (2002).

"The defendants have the burden of raising and proving a prisoner's failure to exhaust under the PLRA."  Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct. 647 (2005).  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  "A prisoner's concession to nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."  Id. at 1120.  The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice."  Id.; see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

**D.    Analysis**

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures.  Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a

detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final. Green attested that Plaintiff has filed only one grievance, relating to finding a "bright shiny object inside [his] potatoes." (Dkt. #7, attachment 1.)

Defendant has demonstrated that there exists a grievance system which was made available to the Plaintiff. However, Plaintiff has presented nothing to support a conclusion that he availed himself of that system as to the claims contained in his Complaint, despite his prior use of the grievance system. Accordingly, Defendant's Motion to Dismiss will be granted.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. #6) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 17th day of May, 2006.

Stephen M. McNamee
United States District Judge